ROBERT H. PITTMAN #172154
County Counsel
MICHAEL A. KING #77014
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403

Attorneys for Defendants
COUNTY OF SONOMA and
ROBERT WOODWORTH

MICHAEL R. SEVILLE
SEVILLE BRIGGS LLP
3330 Geary Blvd. Fl. 3
San Francisco, CA 94118

Attorney for Plaintiff
DANIEL DUDGEON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DUDGEON,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SONOMA; a municipal Corporation; ROBERT WOODWORTH, individually and as a deputy sheriff; MATTHIAS WILLIAMS, individually and as a deputy sheriff; GEORGE MINAGLIA, individually and as a deputy sheriff; MARK ESSICK, in his official capacity as Sonoma County Sheriff, DOES 1-10 individually and in official capacities as deputy sheriffs for Sonoma County, inclusive.<br><br>    Defendants. | Case No. 3:19-cv-05615-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   October 22, 2021<br>Time:  9:30 a.m.<br>Via Zoom<br>Courtroom: F, 15th Floor<br>San Francisco, California<br>Judge: Hon. Joseph C. Spero |

This Joint Case Management Statement is submitted pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges in the Northern District of California jointly by

Defendants County of Sonoma and Robert Woodworth (collectively referred to herein as "County Defendants") and Plaintiff Daniel Dudgeon ("Plaintiff").

### 1. JURISDICTION AND SERVICE

Parties agree to jurisdiction and venue.

### 2. FACTS

The case arises out of a confrontation at Plaintiff's home on January 23, 2019, involving Daniel Dudgeon and Deputy Robert Woodworth of the County of Sonoma Sheriff's Office. Plaintiff was struck one time in the face by Deputy Woodworth and sustained injury. The parties dispute the facts leading to the use of force and reasonableness of the use of force in the light of those facts and circumstances.

### 3. LEGAL ISSUES

a. Whether Defendant Woodworth violated the Fourth Amendment by using an unreasonable amount of force in light of the facts and circumstances confronting Deputy Woodworth at the time? *Graham v. Connor*, 490 U.S. 386 (1989).

b. Whether a County policy, practice, or custom was the moving force behind the alleged violation of Plaintiff's Fourth Amendment rights? *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

c. Whether Defendant Woodworth can be liable for the state law claims of false arrest, assault and battery by a peace officer, negligence, intentional infliction of emotional distress and negligent infliction of emotional distress resulting from the use of force and arrest of Plaintiff?

### 4. MOTIONS

Defendants filed their Motion for Summary Judgment, set for hearing on 10/22/21.

### 5. AMENDMENT OF PLEADINGS

Plaintiff filed a Third Amended Complaint. No other amendments are anticipated at this time.

**6.     EVIDENCE PRESERVATION**

Counsel have agreed to take all necessary steps to preserve all documents, electronic or otherwise, related to this matter.

**7.     DISCLOSURES**

The parties have exchanged initial disclosures.

**8.     DISCOVERY**

After some unforeseen delays due to circumstances beyond the control of the parties, fact discovery is completed. Reports of liability experts were exchanged. The parties have not completed expert depositions given the pending Motion for Summary Judgment.

**9.     CLASS ACTION**

This is not a class action.

**10.    RELATED CASES**

None.

**11.    RELIEF**

Plaintiff's complaint seeks general monetary damages, special damages, punitive and exemplary damages, attorney's fees, and statutory damages as allowed by law.

**12.    SETTLEMENT AND ADR**

The first Settlement Conference with Judge Tse for August 5, 2020, was continued due to Plaintiff's illness. The parties attended a Settlement Conference on October 14, 2020 without resolution.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Not applicable.

**14.    OTHER REFERENCES**

Other references are not appropriate at this time.

**15.    NARROWING OF ISSUES**

Issues may be narrowed or the case disposed of by a motion for summary judgment.

//

**16.  EXPEDITED TRIAL PROCEDURE**

The case does not appear to be the type of case that could be appropriately handled under the Expedited Trial Procedure.

**17.  PRETRIAL SCHEDULE AND TRIAL DATE**

The parties stipulated to and the Court has ordered the following pretrial schedule:

- Expert Disclosure – 4/30/2021
- Expert Rebuttal Reports – 5/14/2021
- Close Expert Discovery  - to be set following Motion
- Hearing for Dispositive Motions and *Daubert* Motions: 10/22/2021.
- Pretrial Conference – January 14, 2022, at 2:00 p.m.

**18.  TRIAL**

Trial is set for January 24, 2022.

**19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

As of this date, there are no such interests to report.

**20.  GUIDELINES FOR PROFESSIONAL CONDUCT**

Counsel for the filing parties have reviewed the Guidelines for Professional conduct for the Northern District.

**21.  OTHER MATTERS**

None known at this time.

Dated:  October 14, 2021                ROBERT H. PITTMAN, County Counsel

By:     */s/ Michael King*
MICHAEL A. KING
Attorney for Defendants

Dated:  October 14, 2021                SEVILLE BRIGGS, LLP

By:     */s/ Michael R. Seville*
MICHAEL R. SEVILLE
Attorney for Plaintiff
DANIEL DUDGEON