UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DUDGEON,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 19-cv-05615-JCS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL, DENYING DEFENDANTS' MOTION TO SEAL**<br><br>Re: Dkt. No. 95, 97 |

Plaintiff has filed a motion to seal asking the Court for leave to file under seal portions of certain exhibits filed by the parties in connection with Defendants' Summary Judgment Motion. *See* Dkt. 95 ("Plaintiff's Motion to Seal"). The Court GRANTS Plaintiff's Motion to Seal as follows. First, the Court finds that the following material is confidential under Rule 5.2 of the Federal Rules of Civil Procedure:

- Seville Decl., Ex. F (911 Call_27 audio) (dkt. 88-6) at 1:16 - 1:19.
- Seville Decl., Ex. I (dkt. 88-9) and King Decl., Ex. C (dkt. 88-4) (Woodworth body worn camera video) at 7:42 - 7:44, 19:36 - 19:41, 20:57 - 21:06, 21:12 - 21:19, 21:38 - 21:46, 21:49 - 21:54.
- Seville Decl., Ex. N (dkt. 88-13) and King Decl., Ex. F (dkt. 84-7) (Battaglia body worn camera video) at 5:33 - 5:37.
- Seville Decl., Ex. O (dkt. 88-14) (Williams body worn camera video) at 5:51 - 5:53, 19:07 - 19:15, 19:21 - 19:27, 19:48 - 19:54, 19:58 - 20:03.
- Seville Decl., Ex. P (dkt. 88-15) (medical record) – all references to Plaintiff's date of birth.

In addition, the Court finds that there are compelling reasons for sealing the material found

in the Woodworth body worn camera video (Seville Decl., Ex. I and King Decl., Ex. C) at 22:33 - 24:30, where Deputy Woodworth has a conversation with Plaintiff's minor children. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). The content of the conversation has little evidentiary value with respect to Plaintiff's claims or the issues before the Court on summary judgment. On the other hand, the privacy interests of Plaintiff's minor children are significant. The footage reveals the images of the children and their emotional reactions to what likely were traumatic events. The Court concludes that the public's right to access to judicial proceedings is outweighed by the privacy interests of Plaintiff's children with respect to this material.

On the other hand, the Court DENIES Defendants' motion to seal the Redcom audio recording referenced in the King Reply Declaration, dkt, 91-1. Dkt. 97 ("Defendants' Motion to Seal"). The content of that recording is highly relevant to the parties' disputes about what occurred, as Defendants acknowledge. *See* Dkt. 97-1 (stating that the audio at issue contains "sensitive details of the events of the incident"). It also sheds light on the reasonableness of Deputy Woodworth's conduct, which is at the heart of this case. Given the significance of this evidence, Defendants' conclusory statement that it is "not necessary to publish" this material and that there is "no public interest in this matter at present[,]" *see* dkt. 97-1 ¶ 3, is insufficient to meet the compelling reasons requirement. There is a strong presumption that the public has an interest in judicial proceedings. *Kamakana*, 447 F.3d at 1179. Defendants have not demonstrated that this interest is outweighed by a need to keep this material confidential.

Accordingly, the Court ORDERS as follows:

Plaintiff shall manually file with the Clerk's Office a public version of the audio and video recordings filed as Seville Decl., Exs. F, I, N & O with the portions the Court has found may be filed under seal edited out. Plaintiff should also manually file Seville Decl., Ex. C (911 audio) in

its entirety, which shall not be under seal because Plaintiff did not request that the Court seal that exhibit in his motion to seal and in any event, the Court finds that it contains no sealable material. To the extent these materials are provided on USB drives or CD-ROMs, no sealed material should be contained on them as these may be made available for public review upon request.

Plaintiff should electronically file a redacted version of Seville Decl., Ex. P.

Defendants shall manually file with the Clerk's Office a public version of the video recordings filed as King Decl., Exs. C & F with the portions the Court has found may be filed under seal edited out. The USB drive supplied by Defendants and received by the Court on July 29, 2021, which contains the Redcom audio recording referenced in the King Reply Declaration, is no longer sealed.

**IT IS SO ORDERED.**

Dated: November 18, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge