UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DUDGEON,<br>　　　　　Plaintiff,<br>　v.<br>COUNTY OF SONOMA, et al.,<br>　　　　　Defendants. | Case No. 19-cv-05615-JCS<br><br>**ORDER EXCUSING PLAINTIFF FROM PAYMENT OF COSTS UNDER RULE 54**<br><br>Re: Dkt. No. 105 |

## I.　INTRODUCTION

Plaintiff has requested that the Court excuse him from his obligation to pay Defendants' costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure, citing his family's limited financial resources and his own inability to work, the Court's finding that he demonstrated genuine issues of material fact with respect to his excessive force claim, and the potential chilling effect on civil rights plaintiffs that would result from awarding costs in this case. He also contends some of the costs incurred by Defendants were unreasonable. Defendants have filed a response in which they argue that their costs are reasonable, that Plaintiff has not provided sufficient documentation with respect to his financial resources and that the case was only for Plaintiff's personal gain. The Court finds that Plaintiff's request can be decided without a hearing pursuant to Civil Local Rule 7-1(b). Having considered the parties' briefs and supporting declarations, as well as the underlying record in the case, with which the Court is well familiar, the Court exercises its discretion to excuse Plaintiff's obligation to pay Defendants' costs.[1]

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

**II.     ANALYSIS**

    **A.     Legal Standards**

Rule 54(d)(1) of the Federal Rule of Civil Procedure provides that "costs—other than attorney's fees—shall be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). Based on the use of the word "shall" in Rule 54(d), the Ninth Circuit has found that the presumption in favor of awarding costs to the prevailing party is a "strong presumption." *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003). "It is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

While a district court need not give reasons for awarding taxable costs to the prevailing party, if it declines to award costs to the prevailing party, it must "specify reasons" for doing so. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *see also Ass'n of Mex.-Am. Educators*, 231 F.3d at 593 (holding that the court must "explain why . . . it would be inappropriate or inequitable to award costs" if it declines to award costs to the prevailing party under Rule 54(d)). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing *Ass'n of Mexican Educators*, 231 F.3d at 592-93). "This is not 'an exhaustive list of "good reasons" for declining to award costs,' but rather a starting point for analysis." *Id.* at 1248 (quoting *Ass'n of Mexican Educators*, 231 F.3d at 593).

    **B.     Discussion**

The Court finds that it is appropriate to deny an award of costs in this case. The primary reason the Court finds that an award of costs should be excused is that the evidence supplied by Plaintiff is sufficient to establish that Plaintiff will be rendered indigent if costs are awarded against him. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir.1999) ("Costs are

properly denied when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed."); *Escriba*, 743 F.3d at 1248 (holding that district court did not abuse its discretion in excusing costs under Rule 54 where the requested costs exceeded the plaintiff's yearly earnings of $11,622 and noting that the plaintiff's efforts to secure steady employment after she was terminated had been unsuccessful).

Plaintiff has supplied a declaration stating that he has not worked since the incident that gave rise to this case except to help his wife with her cleaning business "a few times a month", that he and his wife have no savings and rent their home, and that his wife's cleaning business makes just enough to pay the rent and provide food for the family, which includes his two young children. Dkt. 105-1. Defendants contend Plaintiff is capable of working but do not dispute that he has been essentially unemployed since at least 2019. Nor do they dispute that Plaintiff has no savings and does not own his home. Therefore, the Court concludes that the costs Defendants seek (almost $16,000) will impose a severe hardship on Plaintiff.

The Court further finds that requiring Plaintiff to pay Defendants' costs under the circumstances of this case will result in a chilling effect on civil rights plaintiffs. In reaching this conclusion, the Court finds it significant that while Defendants prevailed in the case based on qualified immunity, Plaintiff offered evidence sufficient to establish a material dispute of fact as to whether excessive force was used against him. Further, the evidence raised issues affecting the public interest to the extent there was some evidence suggesting that inaccurate information was conveyed to the deputy involved in the use of force by the dispatcher, which may have caused the deputy to perceive a heightened level of threat and thus contributed to the force that was used against Plaintiff.

Because the Court finds that these reasons are sufficient to justify excusing Plaintiff from an award of costs under Rule 54(d)(1), it does not reach Plaintiff's argument that some of the costs requested by Defendants were unreasonable.

### III. CONCLUSION

Plaintiff's request to be excused from an award of costs in favor of Defendants under Rule 54(d) is GRANTED.

**IT IS SO ORDERED.**

Dated: December 23, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge